UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RELIGIOUS LIBERTY LEAGUE          :
2446 Olive Avenue                 :
La Crescenta, CA 91214            :
                                  :
    Plaintiff,               :
                                  :
v.                                : Civil Action No._____
                                  :
U.S. DEPARTMENT OF JUSTICE        :
950 Pennsylvania Ave., NW         :
Washington, DC 20530-0001         :
                                  :
    Defendant.               :

**COMPLAINT FOR DECLARATORY JUDGMENT
AND INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, 5 U.S.C. § 552(a) as well as agency FOIA regulations, challenging the failure of the United States Department of Justice ("Justice") to fulfill the requests of the Religious Liberty League for documents concerning the late James Connor Mulligan.

2. This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's request for records, and injunctive relief that defendant immediately and fully comply with plaintiff's request under the FOIA.

**JURISDICTION AND VENUE**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702,

which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Religious Liberty League is Religious Liberty League, is a nonprofit, tax-exempt organization. Religious Liberty League publishes a blog which can be located at http://savescientology.com and will be launched within a few days of the filing of this complaint at http://religiouslibertyleague.org.

5. Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation is a component of Justice. Defendant Justice, through its component, the FBI is the federal agency with possession and control of the records responsive to plaintiff's request and is responsible for fulfilling the FOIA requests of the Religious Liberty League.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial. 5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records. Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered. 5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

12. By letter dated July 15, 2015, plaintiff through counsel, submitted a FOIA request to the FBI seeking certain all records from 1970 to 1985 pertaining to the late James Connor Mulligan.

13. In its July 15, 2015 request, plaintiff asked the FBI to search all "main" files and "see references," including but not limited to numbered and lettered subfiles, 1A envelopes, Enclosures behind files (EBFs), Bulky Exhibits, control files, and "JUNE" files, ELSUR files, any other possible area where the records may be maintained

currently by the FBI, "DO NOT FILE" files, SAC safes, special file rooms, and offices of FBI officials, and informant files. Plaintiff also requested that the FBI place any "missing" files pertaining to this request on "special locate" and advise him that they have done this.

14. In its July 14, 2015 request, plaintiff also sought to be classified as a member of the media as well as a public interest fee waiver. Plaintiff stated that it should be classified as a member of the news media because Religious Liberty League is a nonprofit, tax-exempt organization, and the requested documents will be made available to the general public free of charge as part of its charitable purposes, and publishes a blog which can be located at http://www.savescientology.com/. Plaintiff informed the FBI that information produced in this request will be used to create stories about the subject of this request. Plaintiff further stated that this request was in the public interest due to due to Mr. Mulligan's highly publicized role as an unindicted co-conspirator in the infiltration of government offices in the 1970s by members of the Church of Scientology's Guardian's Office. The FBI was informed that Mr. Mulligan was a very prominent figure within the church during that time period, and served as the personal assistant (aka "Controller Aid for Information") to Scientology's Controller, Mary Sue Hubbard (wife of the organization's founder).

15. By letter dated July 16, 2015, the FBI acknowledged plaintiff's request on James Connor Mulligan and assigned it Request No. 1332688. The FBI stated that it conducted a search of its Central Records System and could not locate any main files responsive to plaintiff's request.

16. By letter dated July 29, 2015, plaintiff submitted an appeal to the Department of Justice's Office of Information and Policy ("OIP") concerning the FBI's search for responsive records. Plaintiff advised OIP that the FBI improperly narrowed the search by only seeking main files located in its Central Records System despite the request to specifically search for all records maintained in a number of other (non-Central Records Systems located within the FBI).

17. By letter dated August 10, 2015, OIP acknowledged plaintiff's appeal and informed plaintiff it was assigning it appeal number AP-2015-05137.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Conduct an Adequate Search)

18. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

19. Plaintiff submitted a request that reasonably described the records sought and was made in accordance with Justice's published rules.

20. In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

21. Therefore, defendant has violated the FOIA's mandate to search for responsive records. 5 U.S.C. §552(a)(3)(D).

22. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

### CLAIM TWO
### (Failure to Produce Records Under the FOIA)

23. Plaintiff realleges and incorporates by reference all preceding paragraphs.

24. Plaintiff properly asked for records within defendant's control.

25. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant make an explicit and justified statutory exemption claim.

26. Defendants has not produced all the records responsive to plaintiff's FOIA request.

27. Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested. 5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendant has violated the FOIA by failing to conduct an adequate search for records responsive to plaintiff's FOIA request of July 15, 2015;

(2) Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's request;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request;

(4) Order the defendants to release all records responsive to plaintiff's FOIA request;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone (301) 404-0502
Fax (413) 641-2833

Attorney for Plaintiff